BURCHELL *v.* COLLIER.

CANCELLATION OF INSTRUMENTS — DEEDS — FRAUD — EVIDENCE— SUFFICIENCY.

On a bill to set aside a deed on the ground of undue influence and fraud, evidence examined, and *held,* not to make out a case for complainant and to disprove her claim that she did not know she was signing a deed.

Appeal from Wayne; Hosmer, J. Submitted February 20, 1907. (Docket No. 25.) Decided April 30, 1907.

Bill by Martha Burchell and Frederick Burchell against George X. M. Collier, Jennie Collier, Mary E. Fox, and James R. Neill, to set aside a deed for fraud, and for an accounting. From a decree dismissing the bill, complainants appeal. Affirmed.

*James H. Pound,* for complainants.

*George X. M. Collier,* for defendants Collier.

*Dohany & Dohany,* for defendant Fox.

McALVAY, C. J. Complainant owned the fee to the property involved in this suit, in which her husband claimed an equitable interest. This property consisted of a lot in the city of Detroit, upon which the husband and wife built a house. The value of the property was $4,000 to $4,500. On February 29, 1904, the house was partially destroyed by fire. At this time there was a mortgage of $1,800 and liens of $700 against the premises. The total insurance on the house and furniture was $5,200. The damage to the house by fire amounted to $1,400. Later complainants were arrested, charged with setting fire to the building for the purpose of defrauding the insurance companies. Mr. Mistersky was first employed to defend complainants against this charge. Defendant Collier was after-

wards employed, and by an arrangement between complainants, their relatives, and these attorneys, a chattel mortgage of $100 was given to them to secure fees.    Pending these criminal proceedings, on May 24, 1904, Mrs. Burchell, while in jail, executed and delivered to her attorney, Mr. Collier, a writing by which he was given authority to dispose of the premises, subject to the mortgage of $1,800, and pay over to her all the money realized, except $250, which was to be retained by him as payment in full for all legal services performed for her.    On the same day she executed and delivered to him the deed of said premises, which was mentioned in the above writing.    He found a purchaser, and on May 31st obtained the consent in writing of Mrs. Burchell to sell the property for $700, and to pay her $450, and retain $250 of the same.    He made the transfer to defendant Mary E. Fox for the $700, received the money, and paid $450 to Mrs. Burchell, taking her receipt therefor, as follows:

" $450.00         Detroit, Michigan, June 1st, 1904.
    "Received of George X. M. Collier $450.00, being in full of my share of the $700 collected in the sale of the house as per agreement dated May 24th, 1904.    And none of the $250 retained by Mr. Collier to apply on the chattel mortgage given by Mr. McLean to Mr. Collier and Mr. Mistersky for $100.00.
                                      " Martha Burchell."

Complainants were tried separately.    The husband was tried and acquitted May 19, 1904, and Mrs. Burchell was tried on August 1st following, with the same result.

On January 10, 1905, complainants filed the bill of complaint in this suit against Collier and wife, James R. Neill, and Mary E. Fox (now wife of James R. Neill), praying that the said property be decreed to belong to complainants, that defendant Collier account to them for the full value thereof, and for general relief.    In said bill complainants' material allegations are:    That the attorneys Collier and Mistersky agreed to defend them for $100; that Mr. Collier as her attorney deceived and defrauded

Mrs. Burchell, and was guilty of bad faith toward her; that he obtained the deed from her by the use of fraud and undue influence; that she did not know that she was signing a deed, and did not learn of that fact until two months after she was released from jail; that the transfer to Mary E. Fox was fraudulent and colorable; that her husband, Neill, was a former employé of Collier, and the title of the property, though held by Mrs. Neill, is so held for defendant Collier; that the actual value of complainants' interest in the property sold was about $3,000. Issue was joined upon the several answers of the defendants. Upon the hearing a decree was entered denying relief to complainants and dismissing the bill of complaint.

There is no question of law in the case. Complainants contend that the weight of the evidence clearly supports the allegations of the bill of complaint, and that the learned circuit judge did not arrive at a correct conclusion in the case, and upon appeal to this court ask that the decree be reversed and a decree entered in accordance with the prayer of the bill of complaint. The record of the evidence taken on the hearing is quite voluminous. A careful examination and consideration of all of it satisfies us that the circuit judge was correct in his conclusion that complainants had not made out a case. While there was conduct on the part of Mrs. Burchell, after she was released from jail, in paying $175 on the mortgage on the premises, and in paying taxes, which of itself would not indicate that she knew that she had sold these premises, yet the testimony of the notary, and other witnesses who were present and knew of the writings signed by her, and who afterwards talked with her, together with her admissions to her relatives, indicate clearly that she had full knowledge of the entire transaction. The long letter she wrote to Judge Murphy of her own accord, urging a speedy disposition of her case, and relating her troubles, contains the following words: "Mr. Collier collected his pay out of the price of the place when he sold it, so I don't see what the delay is for." This was about one

month after the sale had been made, and cannot be explained to harmonize with her denial of any knowledge that she had given a deed or authorized a sale.

It appears that the total amount received by Mr. Collier as attorney's fees, including the $100 secured by chattel mortgage, which he claims was given to secure a retainer, was the sum of $368.50, of which $184.25, or one-half, was paid to Mr. Mistersky. The contract Mrs. Burchell signed and the receipt she gave both show that the $100 was not understood by her to be the entire charge for defending these cases. The record also shows that $700, received from the sale of the premises, was a fair value for the interest of complainants therein at the time. No fraudulent conduct on the part of Mr. Collier or the other defendants has been shown, or can be inferred from the record.

The decree of the circuit court is affirmed, with costs to defendants.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.